UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60010
Summary Calendar

_____

PIONEER CONCRETE OF ARKANSAS, INC.,

Petitioner-Cross-Respondent,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent-Cross-Petitioner.

_____

Petition for Review of an Order of the
National Labor Relations Board
(26-CA-18610)

_____

September 2, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Pioneer Concrete of Arkansas, Inc., challenges a NLRB order to bargain with the Chauffeurs, Teamsters and Helpers, Local Union No. 878 (Teamsters), and the International Union of Operating Engineers, AFL-CIO, Local Union 382 (Operating Engineers). NLRB seeks enforcement of that order.

In 1998, Pioneer purchased three companies owned by one person. The 31 employees of one were then represented by the Teamsters; the 23 employees of another, by the Operating Engineers; the 22 employees of the third were not represented. The purchased companies' 76 employees were retained by Pioneer.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After Pioneer refused the unions' demands for recognition as the bargaining representatives for the 54 former employees of the two unionized purchased companies, the unions charged that Pioneer had engaged in unfair labor practices. An ALJ held that Pioneer committed such practices by refusing to recognize and bargain with the unions. The Board adopted the ALJ's recommended order.

Claiming that it is operating as a single fully integrated business unit, Pioneer contends that the Board erred by concluding (1) that there was substantial continuity between the work forces of the purchased companies and Pioneer's work force; (2) that there was substantial continuity in managerial control and operations; and (3) that the former bargaining units are still appropriate. Pioneer maintains that the Board's decision violates fundamental principles of the National Labor Relations Act by mandating dual representation and by fomenting industrial disputes and upheaval.

Pursuant to our review of the record and briefs, we conclude that the Board's legal conclusions are reasonable, consistent with the NLRA, and based on factual findings that are supported by substantial evidence. *See, e.g.,* ***Selkirk Metalbestos, North America, Eljer Mfg., Inc. v. NLRB***, 116 F.3d 782, 786-87 (5th Cir. 1997). Accordingly, the petition for review is **DENIED** and the cross-petition for enforcement is **GRANTED**.

*REVIEW DENIED; ENFORCEMENT GRANTED*